**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

DEZENIAL McCALL, # 336291,

        Petitioner,

v.                                    ACTION NO.
                                      2:06cv369

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying the petition for writ of habeas corpus.

### I. STATEMENT OF THE CASE

#### A. Background

Dezenial McCall ("McCall") was convicted in the Circuit Court for the City of Norfolk of robbery, carjacking, and the use of a firearm in the commission of a felony. He was sentenced to a term of eighty-three years imprisonment with fifty years suspended.

McCall's direct appeal of his convictions to the Virginia Court of Appeals was denied on November 18, 2004. The Virginia Supreme Court refused McCall's petition for appeal on May 23,

2005.

McCall, presently in the custody of the Virginia Department of Corrections at the Sussex II State Prison in Waverly, Virginia, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 29, 2006[1]. On September 22, 2006, the respondent filed a Rule 5 Answer and Motion to Dismiss.[2]

### B. Grounds Alleged

McCall asserts the following entitle him to relief under 28 U.S.C. § 2254:

(a) he was denied his rights to due process and a fair trial because Linwood Lucas's ("Lucas") out-of-court identification of McCall was overly suggestive and unreliable; and,

(b) he was denied his right to due process and a fair trial when he was convicted based upon insufficient evidence.

### II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

#### A. Exhaustion

In order for this Court to address the merits of this habeas petition, all of McCall's claims must be exhausted. See 28 U.S.C. § 2254(b) (2000). The exhaustion requirement is satisfied when

---

[1] Because McCall's petition was not accompanied by the filing fee, it was deemed conditionally filed on June 29, 2006. On July 19, 2006, the Court denied McCall's petition to proceed in forma pauperis. McCall's petition remained conditionally filed until August 1, 2006, when he paid the filing fee.

[2] The respondent initially filed his Rule 5 Answer and Motion to Dismiss on September 12, 2006, but it was filed subject to defect because Respondent's counsel was not admitted in the Eastern District of Virginia. On September 22, 2006, the respondent resubmitted his Rule 5 Answer and Motion to Dismiss. On September 26, 2006, the Court granted the respondent's Motion for Late Filing to Correct Defective Response, rendering the September 22, 2006, filing not subject to defect.

the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D.Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). McCall's petition on direct appeal to the Virginia Supreme Court contained the same claims raised in the present petition; therefore, McCall's Grounds (a) and (b) meet the exhaustion requirement.

### B. Merits

McCall previously asserted both Grounds (a) and (b) to the Virginia Supreme Court in his direct appeal of his convictions. Pursuant to Title 28 of U.S.C. § 2254, a federal court may not grant relief on any claim that the Virginia Supreme Court adjudicated on the merits[3] unless the Virginia Supreme Court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as established by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

The Supreme Court has explained that this statute "plainly sought to ensure a level of

---

[3] The Virginia Supreme Court does not have to set forth findings of fact and conclusions of law in its disposition of a claim for the claim to be "adjudicated on the merits." Wright v. Angelone, 151 F.3d 151, 156-57 (4th Cir. 1998).

'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362 (2000). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Id. at 1511.

On May 23, 2005, the Virginia Supreme Court refused McCall's appeal. Because the Virginia Supreme Court summarily rejected McCall's appeal, this Court will conduct an independent review of the applicable law to determine whether Brothers has made the requisite demonstration under 28 U.S.C. § 2254(d)(1)-(2). Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000). This independent review is limited to determining "whether the state court's adjudication of the claims before it was a reasonable one in light of the controlling Supreme Court law." Bell v. Jarvis, 236 F.3d at 162. The Supreme Court has further admonished,

> factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(c)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2).

Miller-El v. Cockrell, 537 U.S. 322 (2003).

### 1. Ground (a)

In McCall's first claim for habeas relief, he alleges that Lucas's out-of-court identification of him was overly suggestive and unreliable, resulting in the denial of his rights to due process and a fair trial. In support of his allegation, McCall argues that he was "paraded" before Lucas, after a photographic lineup including McCall's photograph was "likely" shown to Lucas. (Pet. 13.) The facts adduced at trial, as summarized by the Virginia Court of Appeals in the light most favorable

to the prosecution, showed that when police responded to the scene of the crime,

> Lucas described the robber as a black male, approximately six-feet tall and weighing approximately 165 to 170 pounds, with a short-cut afro and wearing dark clothes. In court, Lucas positively identified the appellant as the person who robbed him at gunpoint.
>
> Between 4:30 a.m. and 5:00 a.m., within hours after the robbery, Lucas went to the Norfolk Police Department Operations Center to talk to Detective Eric L. Flax about the crimes. While Lucas was talking to Flax, Detective Alan D. Lawson happened to walk by with appellant, who was dressed in plain clothes and was not handcuffed. Flax testified that appellant walking by Lucas was accidental, not purposeful. Lawson asked Flax if there were any interview rooms open. Flax responded that he thought a room was open by "Auto Squad." Lawson continued to walk appellant and placed him in the interview room. Immediately after Lawson and appellant walked by, Lucas told Flax that the man who had just walked by was the man who had robbed him. Lucas told Flax that he was sure appellant was the person who had robbed him.
>
> Very shortly after Lawson walked by Flax and Lucas, he returned to that area to get his paperwork. At that point, flax told Lucas to tell Lawson what he had just said. Lucas told Lawson, "That was the person that robbed me and took my cash, my credit cards, and my vehicle." Lawson asked Lucas if he was absolutely certain, and Lucas stated that he was absolutely positive that the man who had just walked by with Lawson was the person who robbed him. Lucas testified that no one told him appellant was going to walk by and no one asked him any questions about appellant before he walked by. Lucas stated, "[h]e just happened to walk by with Detective Lawson. I looked up, and there he was walking by."
>
> \* \* \* \*
>
> Lawson testified that on the morning of December 23, 2002, he printed out a photographic lineup, including appellant's photograph, which had been previously generated for an earlier unrelated case. However, Lawson did not use the photographic lineup for purposes of identification in this case because appellant had a beard when the lineup was generated, but did not have a beard upon his arrest for the instant crimes. Lawson denied showing the photographic lineup to anyone for the purpose of identifying the person who committed the crimes against Lucas. Flax denied showing any photographic lineup

to Lucas. Lucas denied any photographic lineup.

McCall v. Commonwealth, Rec. No. 1482-04-1, November 18, 2004, at 2-3.

Based on those facts, the Virginia Court of Appeals, found the out-of-court identification not to be unduly suggestive. In fact, the court stated that "Lucas' identification was so reliable that there was no substantial likelihood of misidentification." Id. at 34. The court found the identification reliable because Lucas had the opportunity to view McCall's appearance in two separate lit areas during the commission of the crimes, Lucas described McCall to the police in detail when they responded to the crime scene, and Lucas was unequivocal in his identification of McCall at the police station, at which time very little time had passed since the crimes were committed. Id. In summarily dismissing McCall's appeal, the Virginia Supreme Court affirmed the appellate court's decision. See Sheets v. Castle, 263 Va. 407, 411 (2002).

Criminal defendants are protected from unnecessarily suggestive identification procedures under the Due Process Clause of the Fourteenth Amendment. See Manson v. Brathwaite, 432 U.S. 98, 113 (1977). "A show-up identification meets those due process standards, as established under the Fifth and Fourteenth Amendments if, taking into consideration 'the totality of the circumstances' surrounding it, it is found to be not 'so necessarily suggestive and conducive to irreparable mistaken identification' as to deny the defendant fundamental fairness." Willis v. Garrison, 624 F.2d 491, 493 (4th Cir. 1980). Even if the identification procedure was unduly suggestive, an identification is constitutional if it is reliable. Brathwaite, 432 U.S. at 114 ("We therefore conclude that reliability is the linchpin in determining the admissibility of identification testimony . . . ."). The factors considered in determining whether an identification is reliable include "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy

of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation." Id. (citing Neil v. Biggers, 409 U.S. 188, 199-200 (1972)).

In Harker v. Maryland, 800 F.2d 437 (4th Cir. 1986), the Fourth Circuit Court of Appeals had the occasion to review a case involving an encounter between a witness and a defendant that the witness did not expect to occur. There, the court held that a show-up conducted at a courthouse among "hundreds of people milling around" was not so suggestive as to produce any substantial likelihood of misidentification where the witness was not told that the defendant would be at the courthouse. Id. at 439, 444. The court found the show-up constitutional despite the fact that the police, who knew the defendant was scheduled to appear in court sometime within the week, directed the witness to the courthouse and accompanied him there. Id. at 439.

For similar reasons, the show-up in McCall's case was also not so suggestive and conducive to irreparable mistaken identification as to deny him fundamental fairness. In the instant case, Lucas identified McCall when he happened to walk past Lucas at the police station within hours of the incident. McCall was in plain clothes and was not cuffed. Lucas immediately, and unequivocally, identified McCall as his assailant. By Lucas's account, he was never notified by the officers that a suspect would be walking by him, nor was he specifically questioned about McCall prior to identifying him. Moreover, Lucas had already provided a detailed description of his assailant, which matched the appearance of McCall, to the officers who responded to the scene moments after the incident. His description was made after having the opportunity to see McCall under lights. Lucas identified McCall within hours of the incident, and when he did so, he told the police he was certain that McCall was his assailant. Applying the Biggers factors, it is clear that the Virginia Supreme

Court's decision was neither contrary to, nor a misapplication of, clearly established federal law.

With respect to the alleged photographic lineup, McCall has not pointed to any evidence that such a lineup ever occurred. In fact, Detectives Lawson and Flax testified that they never showed Lucas a photographic lineup, and Lucas testified that he had never seen one. McCall, Rec. No. 1482-04-1, November 18, 2004, at 5. Because there is no evidence supporting McCall's allegation that the identification was tainted because Lucas was "likely" shown a photographic lineup including a photo of McCall, the Virginia Supreme Court's denial of the claim represents a reasonable determination of the facts as presented in the state court. Therefore, the Court recommends denying Ground (a).

## 2. **Ground (b)**

In McCalls' second claim for habeas relief, he alleges that his rights to due process and a fair trial were violated when he was convicted based upon insufficient evidence. When considering a sufficiency of the evidence claim, the Court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements . . . beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). This Court must resolve any conflicts in the evidence in favor of the prosecution. Id. at 323.

In addition to Lucas's out-of-court and in-court identifications of McCall, there was significant evidence linking McCall to the crimes of robbing Lucas at gunpoint and stealing his vehicle. For instance, it was proven at trial that McCall was stopped by police the morning after the crimes while driving Lucas's car. McCall, Rec. No. 1482-04-1, November 18, 2004, at 3. Additionally, Lucas's credit card was found in McCall's jacket pocket. Id. Lucas also testified about the incident, relating the exchange in which McCall threatened him at gunpoint, ordering him

to empty his pockets and give McCall the keys to his car. Id. at 1-2. Based on all of these facts, a rational trier of fact could easily have found the essential elements of robbery, carjacking, and the use of a firearm in the commission of a felony. Accordingly, the Virginia Supreme Court's denial of this claim is neither contrary to, nor a misapplication of, clearly established federal law. Therefore, the Court recommends denying Ground (b).

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that McCall's petition for writ of habeas corpus be DENIED and the respondent's motion to dismiss be GRANTED.

McCall's Grounds (a) and (b) should be DENIED because they were previously adjudicated by the Virginia Supreme Court on the merits and none of the statutory exceptions that would allow this Court to grant relief applies.

McCall has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days

permitted by Rule 6(e) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

    2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

    The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this court based upon such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

                                                                                 /s/
                                                      Tommy E. Miller
                                                      UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

May 8, 2007

## **CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Dezenial McCall, # 336291
Sussex II State Prison
24427 Musselwhite Drive
Waverly, VA 23891


Mary K.B. Martin, Esq.
Office of the Attorney General
900 East Main Street
Richmond, VA 23219

                                                                   Fernando Galindo, Clerk


                                  By _____
                                         Deputy Clerk

                                          May    , 2007